IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARTHUR LEE CHANDLER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:13-cv-02646-STA-cgc |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On August 20, 2013, Petitioner/Defendant Arthur Lee Chandler, Bureau of Prisons inmate registration number 23553-076, an inmate at USP–Pollock, in Pollock, Louisiana, filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On November 18, 2013, Chandler filed an amended petition. (ECF No. 3.) On March 31, 2014, Chandler submitted an affidavit in support of his § 2255 motion. (ECF No. 4.) On April 14, 2014, the Court directed the United States to respond to the motion. (ECF No. 5.) On May 28, 2014, the United States filed an answer and a response to the § 2255 motion. (ECF No. 9.) Chandler filed a reply to the Government's response on July 9, 2014. (ECF No. 10.) For the following reasons, this Court hereby **DENIES** Chandler's § 2255 motion

**I.   PROCEDURAL HISTORY**

On December 16, 2009, a Federal Grand Jury sitting in the Western District of Tennessee returned a multi-count indictment against Arthur Lee Chandler and Rodney Benton, Jr., for

violations of 18 U.S.C. § 2119 (carjacking), 18 U.S.C. § 924(c) (using and carrying a firearm during and in relation to a carjacking), 18 U.S.C. § 1951 (robbery affecting interstate commerce) and 18 U.S.C. § 924(c) (using and carrying a firearm during and in relation to a robbery). *United States v. Chandler*, No 2:09-cr-20518236-STA-2 (W.D. Tenn.) (ECF No. 1.) On January 11, 2011, a waiver of right to trial by jury was entered (*id.*, ECF No. 86), and a non-jury trial was held. (*Id.*, ECF Nos. 87, 92.) Chandler was convicted on all four counts of the indictment. (*Id.*)

On April 21, 2011, the Court sentenced Chandler to 168 months in prison on the carjacking and robbery counts to run concurrent with each other; 84 months on one firearm count to run consecutive to the other sentences; and 300 months on the other firearm count to run consecutive to the other sentences, for a total of 552 months in prison. (*Id.*, No. 104.) Chandler appealed, and the Sixth Circuit affirmed. *See United States v. Chandler*, 486 F. App'x 525, 526 (6th Cir. 2012). The Sixth Circuit also denied Chandler's petition for en banc rehearing. *See Order*, No. 11-5491 (6th Cir. Aug. 17, 2012).

Chandler was represented in the criminal proceedings by Edwin A. Perry with the Federal Public Defender's Office.

Chandler has now filed this § 2255 motion alleging:

1. Chandler was denied his rights under the Fourth Amendment when he was arrested without a warrant and did not receive a timely preliminary hearing.

2. Counsel was ineffective for not conducting a reasonable cross-examination of the Government's witnesses.

3. Chandler was denied his rights under the Sixth Amendment when the "brandishing element" was not charged in the indictment.

4. Counsel was ineffective for not contesting the Presentence Report during sentencing.

5. Counsel was ineffective for filing motions for the sole purpose of delay.

6. Chandler was denied his rights under the Fifth and Fourteenth Amendments when his confession was obtained without counsel present even though he had requested an attorney.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[A] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). A motion brought under § 2255 must allege "one of the following three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). *See also Mallett v. United States,* 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States,* 323 F.3d 445, 454 (6th Cir. 2003). Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion, s*ee United States v. Grant*, 72 F.3d 503, 505-06 (6th Cir. 1996), and must be made on direct appeal or they are waived. *See Weinberger,* 268 F.3d at 351.

An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. App'x. 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell v. United States*, 2008 WL 4568076, * 2 (E.D. Tenn. Oct.14, 2008). The petitioner bears the burden of pleading and articulating sufficient facts to state a viable claim for post-conviction relief under 28 U.S.C. § 2255, and a § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and, consequently, fails to state a viable claim cognizable under § 2255. *Ryals v.*

*United States*, 2009 WL 595984, * 5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008).

In this case, the Court finds that Chandler has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims and that an evidentiary hearing is not warranted. Chandler has not established an error of constitutional magnitude which had a substantial and injurious effect on his criminal proceedings because he has not presented sufficient facts showing that his Sixth Amendment right to effective assistance of counsel was violated. Nor has he established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

### III. ANALYSIS OF CLAIMS

Chandler argues that his Fourth Amendment rights were violated because he was denied a prompt judicial determination of probable cause upon his arrest (Claim 1). In support of his claim he cites *Gerstein v. Pugh*, 420 U.S. 103 (1975), for the proposition that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.¨ Even if Chandler's allegations are true, Chandler has procedurally defaulted this claim. Moreover, the claim is not cognizable in a § 2255 motion.

Chandler did not raise his Fourth Amendment claim either at trial or on direct appeal, and, therefore, the claim is procedurally defaulted. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.¨ *See Massaro v. United States*, 538 U.S. 500, 504 (2003). The procedural default doctrine reflects the general rule that "claims not raised on direct appeal may not be raised on collateral review.¨ *Id.* at 504. The doctrine is neither a statutory nor a constitutional requirement,

4

but a judge-made rule "adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* The doctrine applies to all claims that were not raised and adequately preserved during the direct review process, whether or not the failure to raise the claim was intentional or inadvertent. *See United States v. Olano*, 507 U.S. 725, 733 (1993). In practice, the requirement that a claim be adequately preserved means that the defendant must raise it at trial, whether by motion, objection or otherwise, and on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986) (claim not raised on direct review is procedurally defaulted).

Chandler has not shown cause or actual prejudice to overcome his procedural default. The cause and actual prejudice standard is "a significantly higher hurdle" than the plain error standard, and the prejudice prong requires that the defendant show "actual prejudice," i.e., that the error "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 166, 170 (1982). Chandler has not established either of these prongs, and he has not identified any harm that he suffered or evidence that should have been suppressed due to the alleged Fourth Amendment violation.

Additionally, Fourth Amendment claims are not cognizable on collateral review as long as the defendant had a full and fair opportunity to litigate the claim in the first instance. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). Chandler had the opportunity to raise his Fourth Amendment claim in the district court and on direct appeal, even if he chose not to do so. Accordingly, Claim 1 is **DISMISSED**.

Chandler has also procedurally defaulted his Fifth Amendment claim. Chandler argues that his Fifth Amendment rights were violated by the use of his confession because the confession came after he invoked his right to an attorney (Claim 6). But as with his Fourth

Amendment claim, Chandler did not raise this argument at trial by filing a motion to suppress his statements nor did he raise it on direct appeal. He cannot show cause or actual prejudice to excuse this procedural default. This claim has no merit, and Claim 6 is **DISMISSED**.

Chandler relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in support of his argument that his Sixth Amendment rights were violated as to the § 924(c) charge in Count Two because he was subject to a seven-year minimum sentence for brandishing the firearm even though brandishing was not charged in the indictment (Claim 3). *Alleyne* is not retroactively applicable on collateral review, and, therefore, this claim is without merit.

In *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000), the Supreme Court held that facts, other than the fact of a prior conviction, increasing the statutory maximum penalty for an offense must be submitted to a jury and proven beyond a reasonable doubt or admitted by the defendant. Facts subject to the *Apprendi* rule must be charged in a federal indictment. *See United States v. Cotton*, 535 U.S. 625, 627 (2002). In *Alleyne*, the Court applied the *Apprendi* rule to facts that increase the mandatory minimum penalty. 133 S. Ct. at 2160-63. *Alleyne* involved the imposition of an increased mandatory minimum sentence of seven years for a 18 U.S.C. § 924(c) violation based on a district court finding that the defendant brandished the firearm involved. *Id.* at 2155-56.[1]

*Alleyne* adopted a new constitutional rule of criminal procedure, which, under *Teague v. Lane*, 489 U.S. 288, 310-11 (1989) (plurality opinion), is not retroactively applicable on collateral review to cases that became final before the decision was announced. Under *Teague*, new procedural rules do not apply retroactively unless they qualify as "watershed¨ rules

---

[1] In holding that such a finding had to be made by a jury beyond a reasonable doubt, the Court overruled *Harris v. United States*, 536 U.S. 545, 568 (2002), which had allowed judicial factfinding that increased the mandatory minimum. *Alleyne*, 133 S. Ct. at 2155.

implicating "the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990). The Supreme Court has defined a "new rule¨ under *Teague* as one that was not "*dictated* by precedent existing at the time the defendant's conviction became final.¨ *Graham v. Collins*, 506 U.S. 461, 467 (1993) (quoting *Teague*, 489 U.S. at 301). The rule announced in *Alleyne* was not dictated by prior precedent; therefore, it was a "new rule.¨

The *Alleyne* rule is procedural because, unlike a substantive rule, which "alters the range of conduct or the class of persons that the law punishes,¨ *Alleyne's* holding "regulate[s] only the manner of determining the defendant's culpability.¨ *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). *Apprendi* itself was a procedural rule that did not fall within the "watershed¨ exception, so it is not retroactively applicable. *Goode v. United States*, 305 F.3d 378, 384-85 (6th Cir. 2002). Like *Apprendi*, *Alleyne* did not announce a "watershed¨ rule "without which the likelihood of an accurate conviction is seriously diminished.¨ *Summerlin*, 542 U.S. at 352 (quoting *Teague*, 489 U.S. at 313). Because *Alleyne* is not retroactive, Chandler's argument is without merit. Claim 3 is **DISMISSED**.

Chandler's claims of ineffective assistance of counsel (Claims 2, 4, and 5) are also without merit. A claim that ineffective assistance of counsel has deprived a movant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). The issue for a claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id.* at 686.

To establish a deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "A court considering a claim of ineffective assistance must apply a strong presumption that

7

counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 689. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Instead, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In the present case, Chandler contends that his attorney did not conduct a "reasonable" cross-examination of Faith Jeffries, the woman who was carjacked at gunpoint (Claim 2.) This claim is without merit.

At trial, Ms. Jeffries testified as follows. (Trial TR, *Chandler*, No 2:09-cr-20518236-STA-2, ECF No. 111.) On November 15, 2009, Ms. Jeffries pulled her car into a parking place at her apartment complex. (*Id.*, PageID 225-26, 240-41.) As soon as she turned her car off and opened the car door, Chandler and Benton, wearing all black and masks over their faces, held guns to her head and the side of her body, saying "bitch, get out, get out the car.¨ (*Id.*, PageID 227, 229-31.) Ms. Jeffries got out of the car. The men then pressed their guns against her, and they pushed her toward the back of the car to the trunk. (*Id.*, PageID 229-30.)

She further testified that Chandler and Benton talked to each other about putting her in the trunk, (*id.*, PageID 227, 238), but decided instead to put her in the back seat. (*Id.*, PageID 227, 239.) Chandler sat in the back seat and had a gun on Ms. Jeffries the whole time that she

8

was in the car. (*Id.*, PageID 230-32, 235-36.) Ms. Jeffries did what Chandler told her to do "[b]ecause he had a gun on me and my life was determined whether I was going to live or not, it was my life.¨ (*Id.*, PageID 232.) After about fifteen or twenty minutes, Chandler and Benton let Ms. Jeffries out of the car, and she called the police. (*Id.*, PageID 229-31.)

Chandler's attorney performed a "reasonable" cross-examination. The attorney asked Ms. Jeffries numerous questions about the incident and attempted to emphasize through the questioning that she was not harmed and that Chandler and Benton told her they would not hurt her and that they would return her car to her. Defense counsel's questioning laid the groundwork for his closing argument and argument on appeal that the Government had failed to meet its burden on the carjacking charge. The attorney pointed to the answers provided by Ms. Jeffries during cross-examination about how she was not threatened or harmed and argued that her answers did not demonstrate specific intent to cause death or serious bodily harm.[2]

Chandler contends that defense counsel was ineffective by failing to cross-examine Officer Joseph Pearlman about possible inconsistencies in Ms. Jeffries' prior statement. Defense counsel introduced Ms. Jeffries' prior statement to officers as a trial exhibit, so any inconsistencies between that statement and her testimony at trial were made available to the factfinder. (*Id.* PageID 393-94, ECF No. 112.)

---

[2] To obtain a conviction for carjacking, the Government must prove that the defendant, (1) with intent to cause death or serious bodily harm, (2) took a motor vehicle, (3) that had been transported, shipped, or received in interstate or foreign commerce, (4) from the person or presence of another (5) by force and violence or intimidation. *United States v. Fekete*, 535 F.3d 471, 476 (6th Cir. 2008) (citing 18 U.S.C. § 2119). "The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car).¨ *Holloway v. United States*, 526 U.S. 1, 12 (1999).

The Court finds that there was no "complete" failure to subject the Government's case to meaningful adversarial testing. *See Bell v. Cone*, 535 U.S. 685, 696-97 (2002) (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). Chandler has not rebutted the strong presumption that his attorney "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690; *see also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.") (quoting *Strickland*, 466 U.S. at 690).

Chandler contends that defense counsel was ineffective was not contesting the Presentence Report (Claim 4). At sentencing, the base offense level under the guidelines for Chandler's carjacking conviction was 20 pursuant to the robbery guideline provision, U.S.S.G. § 2B3.1. (Sentencing TR & PSR, *Chandler*, No 2:09-cr-20518236-STA-2, ECF No. 114.) A two-level increase was applied under § 2B3.1(b)(5) because the offense involved carjacking. Chandler objects to the application of the two-level enhancement, arguing that it constituted "double counting."

To the extent that Chandler is challenging the Court's calculation of the sentencing guidelines, his claim fails. The Sixth Circuit has held that "nonconstitutional claims not raised at trial or on direct appeal" - such as "mistakes in the application of the sentencing guidelines" - "are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Thus, sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion, s*ee id.*, at 505-06, and are waived if not made on direct appeal. *See Weinberger,* 268 F.3d at 351.

The claim also fails as an ineffective assistance of counsel claim because Chandler cannot meet the *Strickland* standard. He states that his attorney "misadvised" him as to the law

regarding "double-counting" of the two-level enhancement. Even assuming that Chandler's attorney told him that application of the two-level enhancement was not impermissible, that is an accurate statement of the law. *See United States v. Cline*, 362 F.3d 343, 350 (6th Cir. 2004). The robbery guideline, § 2B3.1, is the guideline that is applied in carjacking cases. The guideline calculation for any carjacking offense necessarily involves application of § 2B3.1, which covers all kinds of robbery offenses, plus the two-level enhancement for carjacking. Therefore, Chandler's attorney's failure to object to the two-level enhancement did not constitute deficient performance or ineffective assistance. Claim 4 is **DISMISSED**.

Chandler's final ineffective assistance of counsel claim (Claim 5) alleges that it was ineffective assistance of counsel for his attorney to file a motion for continuance. The record shows that Chandler's attorney diligently worked on the case, studied the discovery provided by the Government, analyzed whether any pretrial motions were appropriate, entered into plea negotiations with the Government, and worked to reach a non-trial resolution to the case. Ultimately, Chandler exercised his right to go to trial, and he was convicted. Nothing his lawyer did in filing motions to continue, especially those that were filed to provide the attorney time to analyze the relevant facts and law, constituted deficient performance that in any way prejudiced Chandler. Claim 5 is **DISMISSED**.

Because every issue presented by Chandler has been dismissed, his § 2255 Motion is **DENIED**. Judgment shall be entered for the United States.

### IV. APPEAL ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted) (internal quotation marks omitted). A COA does not require a showing that the appeal will succeed. *Id.* at 337. Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, Chandler's claims are without merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons that the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is, therefore, **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Williams files a notice of appeal, he must also pay the full $505 appellate filing fee, 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days, Fed. R. App. P. 24(a)(4)-(5).

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: May 12, 2016.